UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EDMOND HINGLE and** | \* | **CIVIL ACTION** |
| **GEORGIE HINGLE** | | |
| | | |
| **VERSUS** | \* | **NUMBER: 06-8651** |
| | | |
| **STATE FARM FIRE AND CASUALTY** | \* | **SECTION "L"(2)** |
| **COMPANY, JAMES TALLEY, STEVE** | | |
| **SANDERSON and TOBY WALLIS** | | |

## ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 9). For the following reasons, the Plaintiffs' motion is DENIED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' property located at 27814 Highway 23 in Port Sulphur, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are State Farm Fire and Casualty Company ("State Farm"), Plaintiffs' homeowner's insurance carrier, and three State Farm adjusters, James Talley, Steve Sanderson and Toby Wallis

In August of 2006, the Plaintiffs filed the present action in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana. The Plaintiffs allege that they are entitled to payment from State Farm for damages and losses to the property, including penalties under Louisiana law for bad-faith claims adjusting. The Plaintiffs also allege that Talley, Sanderson and Wallis are personally liable for adjusting their claim in bad faith, failing to disclose material information and arbitrarily and capriciously approving payments to other State Farm policyholders while denying the Plaintiffs payments with no basis in law or fact.

1

The Defendants removed this case to federal court on October 18, 2006, contending that this Court has jurisdiction under the following provisions: (1) diversity jurisdiction under 28 U.S.C. § 1332 because Talley, Sanderson and Wallis are improperly joined and the amount in controversy exceeds $75,000.00, (2) the MultiParty, MultiForum Trial Jurisdiction Act pursuant to 28 U.S.C. § 1369 and 28 U.S.C. § 1441(e)(1)(B), and (3) supplemental jurisdiction under 28 U.S.C. § 1367. On March 13, 2007, the Plaintiffs filed the instant motion to remand.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, all disputed questions of fact must be resolved in favor of the non-moving party. *See Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

State Farm contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Plaintiffs and all of the properly joined Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. The Plaintiffs do not contest the amount in controversy requirement, but argue that diversity of citizenship does not exist.

Specifically, State Farm asserts that diversity jurisdiction exists because Talley, Sanderson and Wallis, the non-diverse defendants, were improperly joined, and, therefore, that

the Court must disregard the citizenship of these defendants. "The burden of proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiffs allege that Talley, Sanderson and Wallis arbitrarily and capriciously adjusted their claim in bad faith, failed to disclose material information, and approved payments to other policyholders who were similarly situated. Under Louisiana law, "as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim." *See Edwards v. Allstate Prop. & Cas. Co.*, 04-2434, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005). However, "an adjuster can be liable under certain circumstances where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Munsterman v. State Farm Fire & Cas. Co.*, 06-8722, 2007 WL 29183, at *1 (E.D. La. Jan. 3, 2007). As in *Munsterman*, the petition in this case "contains no factual allegations to suggest that the adjusters committed fraud or that the

Plaintiffs relied to their detriment upon untruthful information that the adjusters knowingly passed on to Plaintiffs." *Munsterman*, 2007 WL 29183, at *2. "The adjusters cannot be held individually liable to Plaintiffs on the ground that the insurance company paid the claims of other insureds who Plaintiffs allege were similarly situated." *Id.* Accordingly, the Court finds that the Plaintiff has no possibility of recovering against the insurance adjusters and, thus, that Talley, Sanderson and Wallis were improperly joined and diversity jurisdiction exists.[1]

### III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.  IT IS FURTHER ORDERED that the Plaintiffs' claims against Defendants James Talley, Steve Sanderson and Toby Wallis are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this  4th   day of   May   , 2007.

UNITED STATES DISTRICT JUDGE

---

[1] While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, or 28 U.S.C. § 1441(e)(1)(B), the Court notes that, in this case, it does not. *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).